Dear Mayor Baquet:
This office is in receipt of your request for an opinion of the Attorney General in regard to the legality of the City doing business with Ville Platte Concrete inasmuch as the City Clerk, her husband, brother-in-law and sister-in-law together own less than 25% of this company.
You have already received a response from the Louisiana Board of Ethics on your question of the City of Ville Platte doing business with Ville Platte Concrete wherein it was concluded "the Ville Platte Concrete company is not prohibited from doing business with the city of Ville Platte as long as no public servant nor any member of a public servant's immediate family owns in excess of 25% of the company, including any aggregated interests." It was noted that it appeared that the ownership of the Concrete company by a public servant, being the City Clerk, and her immediate family, was less than 25%.
However, we find the prohibition of R.S. 33:385(C) that "no member of the board of aldermen, or any other officer of the corporation, shall be directly or indirectly interested in any work, business or contract the consideration of which is to be paid from thetreasury of the municipality" is pertinent to your inquiry in regard to the city clerk. Under R.S. 33:381 the city clerk is an officer of the municipality wherein it is provided in Paragraph (A) that "The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner", and in accordance with R.S. 33:386 a clerk with all other necessary officers whose election is not provided for shall be appointed by the mayor, subject to the confirmation of the aldermen.
In Atty. Gen. Op. No. 90-531 this office found that R.S. 33:385
would prohibit any alderman or other officer of the municipality who owns a concrete plant from selling concrete to the City. It was concluded that "this alderman may sell concrete to the City of Winnfield and its contractors, or he may serve on the board of aldermen, but he cannot do both at the same time"; and a similar conclusion must be reached in the instant situation.
Therefore, the prohibition extends to the City Clerk in regard to the City doing business with Ville Platte Concrete. She may divest herself of interest in the company, or decline to sell to the City.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr